UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLIFFORD WILLIAMS JR.**　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　**NO. 21-900**

**CONNECT HEALTH**　　　　　　　　　　　　　　　　　　**SECTION "E"(4)**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.　Factual Background**

　　**A.　The Complaint**

The plaintiff, Clifford Williams, Jr. ("Williams"), is presently housed in the Lafourche Parish Correctional in Thibodeaux, Louisiana.[3] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against CorrectHealth Medical Department ("CorrectHealth") ( improperly identified as Connect Health) at Lafourche Parish Correctional Complex seeking redress for indifferent medical treatment he received from the medical provider for the treatment of his stage three (3) cancer. He alleges that he suffers with severe nerve damage which causes chronic pain, and has a need for daily wound care. According to Williams, if he were to classify his pain, he would classify his pain level as a 10.

---

[3]Rec. Doc. No. 10.

He alleges that he has been advised on several occasions that the medical unit does not have the experience nor medications that is needed to obtain sufficient treatment. He requested help from the court to get him to a facility where he could get sufficient medical treatment.

He seeks damages for pain and suffering, mental abuse, medical malpractice and further to be moved to a facility that has a "professional medical experience" and better treatment. Williams provided a list of the medications he has been prescribed. He repeatedly submitted grievances but on some instance was advised to resubmit it on a different form. See Rec. doc. 3-3.

## II. Standard of Review

### A. Frivolousness

Titles 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c) requires the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation omitted). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful,

fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.   CorrectHealth ( improperly identified "Connect Health")**

Williams named Connect Health as a defendant which the Court construes as CorrectHealth. *See Robichaux v. Lafourche Parish Detention Center* ( where the court noted that CorrectHealth was the medical provider at Lafourche Parish Detention Center). However, the essence of the claim against CorrectHealth is for the corporation to be liable for the alleged actions or inactions of its employees based upon a theory of respondeat superior.

The Court first recognizes that CorrectHealth is the private corporation contracted to operate the medical services within Lafrouche, and the company and its employees are subject to liability as state actors under § 1983. See *Bishop v. Karney,* 408 Fed.Appx. 846, 848 (5th Cir. 2011) (citing *West v. Atkins,* 487 U.S. 42, 49-50, 54-57 (1988)); accord *Filarsky v. Delia*, ___ U.S. ___, 132 S. Ct. 1657, (2012) (a private individual retained by the state government to carry out its work can be sued as a state actor under § 1983); Richardson v. McKnight, 521 U.S. 399 (1997) (employees of a private corporation who perform traditional government functions at the prisons can be liable under § 1983). However, in this case, Williams cannot state a claim against CorrectHealth merely as the employer of the employees who provided the medical treatment about which he claims.

3

Based on his statements, Williams seeks to hold CorrectHealth liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to § 1983. See *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); see also *Sears ex rel. Sears v. Lee*, No. 08-3418, 2010 WL 324385, at *3-5 (E.D. La. Jan. 20, 2010); see *Watts v. Burke*, No. 15cv99, 2016 WL 1389613, at *2 (S.D. Ms. Apr. 7, 2016) (corporate prison medical service not vicariously liable for the acts of its employees). Williams also has not alleged that he suffered any injury directly resulting from any order, training, or other policy implemented by CorrectHealth that would create a vicarious liability under § 1983. See *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); see also, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Williams has not alleged any act or policy of CorrectHealth which could form the basis of liability under § 1983 for the acts of any CorrectHealth employee. His claims against CorrectHealth must be dismissed as frivolous and otherwise for failure to state a claim pursuant to § 1915, § 1915A and § 1997e as applicable.

    **B.**   **Medical Malpractice Act Claim**

Williams also asserts state law claims against CorrectHealth for the deficient medical care he received. This claim, however would be subject to the Louisiana Medical Malpractice Act which requires that such claims be submitted to the medical review panel before filing suit.

Williams does not address the appropriateness of his state law claims. Further, he has failed to provide any evidence that the claims were submitted to medical review panel before filing in this court. See La. Rev. Stat. Ann 40:1299.47, *See Robert Andrew Parish v. Harry Lee,* Civi.

4

Action No. 02-2655, 2003 U.S. Dist. LEXIS 28931 (E.D. La. July 15, 2003); see also *Castellanos v. Jefferson par. Correctional Ctr.,* 2008 WL 3975606, at *5-6 (E.D. La. 2008). The Court therefore finds that the state law claims of deficient or negligent medical care is **DISMISSED.**

## IV.     Recommendation

It is therefore **RECOMMENDED** that upon frivolous review, Williams's 42 U.S.C. § 1983 complaint raising claims of medical indifference should be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that the claims including the medical malpractice claim against CorrectHealth inaccurately identified as "Connect Health" **BE DISMISSED AS FRIVOLOUS** pursuant to **§**28 U.S. C. 1915 (e) and **§**1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 5th day of April 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.